## SUSAN C. STAFFORD vs. ELWOOD WILLIAMS.

*Replevin—Admissibility of Evidence—Object of the Action—*
*for what the Writ lies—Proof Necessary to Recover*
*—Conflict of Testimony.*

1.   In an action of replevin to recover the value of a horse which plaintiff claimed as purchaser, at public sale of personal property of E., on account of wages claimed to be due her by E., evidence of plaintiff that she had worked for E. for 15 months and that he owed her a certain sum therefor, at the time of the sale, is relevant.

2.   In an action of replevin to recover the value of a horse which plaintiff claimed as purchaser, at public sale of personal property of E., on account of wages claimed to be due her by E., it is pertinent and relevant to inquire of defendant, who, after the sale, bought the horse of E. if he knew anything of the purchase of the horse by the plaintiff at the sale; but whether the defendant heard the announcement of the terms of the sale was immaterial.

3.   In an action of replevin to recover the value of a horse which plaintiff claimed as purchaser at public sale of personal property of E., on account o f wages claimed to be due her by E., a printed advertisement of the terms of sale was irrelevant, unless it was shown that the terms of the sale were known to plaintiff at the time the horse was sold.

4.   In an action of replevin to recover the value of a horse which plaintiff claimed as purchaser at public sale of personal property of E. on account of wages claimed to be due her by E., it was competent to show that plaintiff had knowledge that M. was in charge of the sale and any conversation had between M. and plaintiff relative to the sale.

5.   An action of replevin lies for the recovery of possession of goods and chattels unlawfully detained from the person entitled to the possession.

6.   The primary object of an action of replevin is the recovery of the chattel itself, with damages for the taking and detention; the secondary object is the recovery of a sum of money equivalent to its value.

7.   In an action of replevin to recover the value of a horse which plaintiff claimed as purchaser at public sale of personal property of E., under an agreement with E., on day of sale, that, she might bid off anything which she wished on account of what he then owed her for services, the indebtedness, it was claimed, being in excess of her bid for the horse, the defendant, who subsequently bought the horse of E., denying that E. owed plaintiff anything, on day of sale, and claiming that the sale was made by E. as agent of his creditors, it was incumbent upon plaintiff, in order to acquire title to the horse to show that E. was, on day of sale, indebted to her in a sum equal to her bid for the horse, that the alleged agreement was made on day of sale, that she did not know that E. was making the sale for his creditors, or that he was, as claimed, without authority to make said agreement.

8.   In an action of replevin, it is incumbent upon plaintiff to show that he was entitled to possession of the property in question at the time the writ issued.

9.   When testimony is conflicting, the jury should reconcile it if possible; but if that cannot be done, they should accept that part which they deem worthy of credit, and reject that which they deem unworthy of credit, having due regard to the intelligence or ignorance, impartiality or bias, of the witnesses, and their opportunity to know the facts to which they have testified.

10.   The verdict in replevin should be for that party in whose favor is the preponderance of the evidence.

(*March* 28, 1910.)

Pennewill, C. J., and Boyce, J., sitting.

*T. Bayard Heisel* for plaintiff.

*Martin B. Burris* for defendant.

Superior Court, New Castle County, March Term, 1910.

Action of Replevin (No. 18, May Term, 1909), for the recovery of the value of a horse.

Said property was claimed by plaintiff, by reason of purchase at a public sale of personal property of one John Evans on March 11, 1909.

Narr in detinet. Pleas,—*Non cepit*; *cepit in alio loco*; property in the defendant; property in a stranger.

At the trial, the plaintiff was permitted against the objection of counsel for defendant, as irrelevant, to state that she had worked for the defendant for fifteen months and that he owed her therefor, at the time of said sale, between $90. and $98. The question asked the defendant "Did you know anything of the purchase by Susan Stafford of a horse at your sale on March 11, 1909?" was permitted to be answered against the objection of counsel for plaintiff. But the question asked the same witness, "Did you hear the terms of the sale announced there that day?", was ruled out, on objection, as immaterial.

Defendant sought to prove the terms of the said sale by a printed advertisement of the same. This was objected to by, counsel for plaintiff as irrelevant. The objection was sustained Boyce, J., remarking; "We think you may show, if you can, that the plaintiff had knowledge of the fact that one McWhorter was in charge of the sale and any conversation had between her and McWhorter relative to the sale. Beyond that we think you cannot go; unless you show that the terms of sale which you seek to introduce were known to the plaintiff at the time this property was sold."

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action of replevin, brought by Susan C. Stafford, the plaintiff, against Elwood Williams, the defendant, for the recovery of the value of a horse, which, the plaintiff alleges, the defendant unlawfully took from her.

It is not denied that the plaintiff caused a writ of replevin to be issued out of this Court against the defendant, for the recovery of the horse in question, on the twenty-seventh day of March, A. D. 1909; that the said writ was directed to the Sheriff of this county; that the said Sheriff took the horse under said writ and delivered the same to the plaintiff, but who subsequently took the horse from the plaintiff and delivered it to the defendant, he having given the necessary property bond for the horse.

An action of replevin lies for the recovery of the possession of goods and chattels, unlawfully detained from the owner or person entitled to the possession thereof. It has been said that the primary object of an action of replevin is the recovery of the chattel itself, with damages for the taking and detention. The secondary object is the recovery of a sum of money equivalent to the value of the chattel alleged to have been taken and detained.

The plaintiff claims that a certain John Evans was indebted to her in the sum of ninety dollars or more for personal services

Charge.

rendered prior to the eleventh day of March, A. D. 1909, when the said Evans made a public vendue of his personal property; that on the last date and day of said sale, and before the sale had begun, she asked Evans if she might bid for anything she might wish to buy at the sale on account of his indebtedness to her, and that he told her she might do so. She further claims that very soon after her conversation with Evans, she heard that a certain McWhorter had some control over the sale as one of the creditors of Evans; and that she then saw McWhorter and related to him the conversation which she had had with Evans; that McWhorter told her she could do whatever Evans agreed to with her. McWhorter admits that the plaintiff had a conversation with him on the day of said sale, but he denies that he told the plaintiff that she might do whatever Evans agreed to with her.

You will recollect the conversation which he claims he had with the plaintiff, respecting the disposition of the proceeds of the sale. The plaintiff claims that with the understanding she had with both Evans and McWhorter, she procured another to bid off the horse in question for her at said sale, at the price or sum of seventy one-dollars; and that on the sixteenth day of March, five days after said sale, she took the horse from the stables occupied by Evans on the day of the sale, put there, it is claimed, by the defendant, who in turn had the horse taken from her by a constable.

It is not denied that the horse was bid off, at said sale, for the plaintiff; but it is claimed that Evans was not indebted to the plaintiff in any sum, at the time of said sale; and that the plaintiff did not pay on the day of the sale, nor has she since paid to Evans, or any one for him the amount of her bid for the horse; that in consequence the horse was not delivered to the plaintiff, but it was, after the sale, left in the possession of the defendant and that, on the fifteenth day of March, the day before the plaintiff, it is claimed, unlawfully took the horse from the stables of the defendant, without his knowledge or permission, the defendant bought the horse of the said Evans for the sum of fifty dollars, without notice or knowledge of the alleged agreement, which the

plaintiff claims was made between her and Evans, on the day of said sale, and without any knowledge that the plaintiff claimed ownership of the horse. It is not contended for the plaintiff that she had paid for the horse at the time she took it, except under the alleged agreement with Evans made on the day of said sale as testified to by her.

To entitle the plaintiff to a recovery, it is necessary, that she show that she acquired title to or ownership of the horse, but to establish this, you should be satisfied, by a preponderance of the evidence, of three things:

*First*, that Evans was indebted to the plaintiff, at the time the horse was bid off for her, at said sale, in a sum of money equal, at least, to the price bid for the horse, to wit; the sum of seventy-one dollars.

*Second*, that Evans, on the day of his sale agreed with the plaintiff that she might bid off anything which she desired on account of what he then owed her.

*Third*, that the plaintiff did not know that Evans was making said sale as the agent of his creditors, and that he was without authority to make the alleged agreement with her.

It is incumbent upon the plaintiff to show from the evidence that she was entitled to the possession of the horse, at the time the writ of replevin issued.

When the testimony is conflicting, you should reconcile it if possible, but if this cannot be done, you should accept that part of it which you deem worthy of credit, and reject that which you deem unworthy of credit, having due regard to the intelligence or ignorance and impartiality or bias of the witnesses, and their opportunity to know the facts to which they have testified.

If the plaintiff has shown to your satisfaction that Evans did owe her, at the time the horse was struck off for her, at least, an amount equal to her bid for the horse; that Evans did agree with her as testified to by her; that she did not have knowledge that Evans was making said sale as the agent of his creditors, and that he was, by reason thereof, without authority to make the said alleged agreement with her, then your verdict

Verdict.

should be for the plaintiff, otherwise it should be for the defendant.

Your verdict should be for that party in whose favor is the preponderance of the evidence.

If you find from the evidence that the plaintiff was entitled to the possession of the said horse at the time of the issuing of said writ of replevin, your verdict should be for the plaintiff for the value of the horse as shown by the evidence, at or about the time of the taking by the defendant.

Verdict for plaintiff for $71.